## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI

IN RE: Affordable Housing Mississippi LLC                    **CHAPTER 11**
                                                    **CASE NO: 10-14827-DWH**

## GUARANTY BANK AND TRUST COMPANY'S MOTION TO PROHIBIT USE OF CASH COLLATERAL, FOR POST-PETITION SEGREGATION AND ACCOUNTING OF SAME AND FOR OTHER RELIEF

Guaranty Bank and Trust Company ("Guaranty Bank") files its motion for entry of an order prohibiting the Debtor's, Affordable Housing Mississippi, LLC ("Debtor"), use of Guaranty Bank's cash collateral, for post-petition segregation and accounting of same, and such other relief as the Court deems appropriate and in support hereof would state as follows:

1.      This Court has jurisdiction over the subject matter herein and the parties hereto, pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 363 and other statutes and rules. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

2.      On or about October 24, 2007, the Debtor executed a promissory note to and in favor of Guaranty Bank in the original principal amount of $1,154,459.00, which note was payable in one hundred eighty (180) monthly installments of principal and interest in the amount of $10,811.36 for each installment, with a final maturity date of November 10, 2022 (the "Promissory Note"). A true and correct copy of the Promissory Note is attached as Exhibit "A" and incorporated herein by reference.

3.      As of the petition date, October 4, 2010, the balance due on the Promissory Note was $1,055,697.78, including fees and interest (but not including attorney's fees). The Promissory Note

1

is in payment default. As of the petition date, the total amount past due was $21,622.72.

4.    Payment of the Promissory Note was secured by the following deeds of trust, assignments of rent and security agreements, each dated October 24, 2007:

(i)    Deed of Trust from Como I Apartments, L.L.C. to Charlene Griffin, Trustee, for the benefit of Guaranty Bank, encumbering the real and personal property located at 303 Church Street, Como, MS 38619;

(ii)    Deed of Trust from Como II Apartments, L.L.C. to Charlene Griffin, Trustee, for the benefit of Guaranty Bank, encumbering the real and personal property located at 307 Church Street, Como, MS 38619;

(iii)    Deed of Trust from Como III Apartments, L.L.C. to Charlene Griffin, Trustee, for the benefit of Guaranty Bank, encumbering the real and personal property located at 307 Church Street Extended, Como, MS 38619; and

(iv)    Deed of Trust from Robinsonville II Apartments, L.L.C. to Charlene Griffin, Trustee, for the benefit of Guaranty Bank, encumbering the real and personal property located at 1038 Robin Cove, Robinsonville, MS 38664 (collectively, the "Deeds of Trust").

Pursuant to the Deeds of Trust, Guaranty Bank was granted a first or second lien security interest on the various properties. True and correct copies of each of the foregoing Deeds of Trust are attached hereto as Exhibits "B-1 through B-4" and incorporated herein by reference. Each Deed of Trust contains an assignment of rents from the operation of the respective apartment complexes.

5.    According to the Debtor's Statement of Financial Affairs, the Debtor controls the Grantors and properties described in the above-listed deeds of trust. On information and belief, the Debtor collects rents, or controls the collection of rents, from the tenants who occupy the properties

2

listed in paragraph 5 above.

6.      The revenue generated by the apartment complexes is the cash collateral of Guaranty Bank. To the extent the Debtor controls these properties and uses the revenues generated therefrom for its purposes, 11 U.S.C. § 363(c)(2) prohibits the Debtor from using Guaranty Bank's cash collateral, unless Guaranty Bank consents. Guaranty Bank does not consent and so advised the Debtor's counsel by letter attached hereto as Exhibit "C" and incorporated herein by reference.

7.      Guaranty Bank requests that the Court enter an order prohibiting the Debtor's use of cash collateral and requiring the Debtor-in-Possession to segregate all cash collateral into a separate account.

8.      Alternatively, in the event the Debtor proposes to use the cash collateral of Guaranty Bank, Guaranty Bank is entitled to adequate protection in the form of a post-petition lien on all post-petition cash collateral of the Debtor, and to the extent the adequate protection post-petition liens are insufficient to adequately protect Guaranty Bank's interest, the Court should grant Guaranty Bank a super priority administrative expense claim under Section 507(b) of the Bankruptcy Code.

WHEREFORE, premises considered, Guaranty Bank respectfully requests that the Court prohibit the Debtor's use of cash collateral, require the Debtor to segregate all cash collateral or alternatively condition the use of Guaranty Bank's cash collateral on granting Guaranty Bank a replacement lien on post-petition cash collateral, and for other relief as the Court deems just and appropriate.

3

Respectfully submitted this 22nd day of December 2010.

GUARANTY BANK AND TRUST
COMPANY


By: /s/ Jim F. Spencer, Jr.
    Its Attorney

OF COUNSEL:

Jim F. Spencer, Jr. (MSB # 7736)
Jane B. Morgan (MSB # 10829)
Watkins & Eager PLLC
Post Office Box 650
Jackson, MS 39205-0650
(601) 965-1900 (p)
(601) 965-1901 (f)
jspencer@watkinseager.com
jmorgan@watkinseager.com

4

## CERTIFICATE OF SERVICE

I, Jim F. Spencer, Jr., hereby certify that I have this day caused to be served by electronic

mail a true and correct copy of the **GUARANTY BANK AND TRUST COMPANY'S MOTION**

**TO PROHIBIT USE OF CASH COLLATERAL, FOR POST-PETITION SEGREGATION**

**AND ACCOUNTING OF SAME AND FOR OTHER RELIEF** to the following counsel of

record:

> **Craig M. Geno** - cmgeno@hjglawfirm.com
> **Jeffrey K. Tyree** - jktyree@hjglawfirm.com
> **Derek A. Henderson** - d_henderson@bellsouth.net
> **Kristina M. Johnson** - kjohnson@watkinsludlam.com
> **D. Andrew Phillips** - aphillips@mitchellmcnutt.com
> **James P. Wilson** - jwilson@mitchellmcnutt.com
> **Les Alvis** - lalvis@tsixroads.com
> **Margaret Middleton** - margaret.middleton@usdoj.gov

This 22nd day of December 2010.

> /s/ Jim F. Spencer, Jr.
> Jim F. Spencer, Jr.

N:\1816\GUABT\AFFORDABLE HOUSING (34702)\P003B.Mtn prohibiting use of cash collateral.wpd

## PROMISSORY NOTE

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | Officer | Initials |
|---|---|---|---|---|---|---|---|
| $1,154,459.00 | 10-24-2007 | 11-10-2022 | | /901 | | DJM | |

References in the boxes above are for Lender's use only and do not limit the applicability of this document to any particular loan or item.
Any item above containing "****" has been omitted due to text length limitations.

**Borrower:**  AFFORDABLE HOUSING MISSISSIPPI LLC
9261 OLD HIGHWAY 78
OLIVE BRANCH, MS 38654

**Lender:**  GUARANTY BANK & TRUST COMPANY
BATESVILLE OFFICE
470 HIGHWAY 6 EAST
P O BOX 1634
BATESVILLE, MS 38606

---

**Principal Amount: $1,154,459.00**       **Interest Rate: 7.500%**       **Date of Note: October 24, 2007**

**PROMISE TO PAY.** AFFORDABLE HOUSING MISSISSIPPI LLC ("Borrower") promises to pay to GUARANTY BANK & TRUST COMPANY ("Lender"), or order, in lawful money of the United States of America, the principal amount of One Million One Hundred Fifty-four Thousand Four Hundred Fifty-nine & 00/100 Dollars ($1,154,459.00), together with interest at the rate of 7.500% per annum on the unpaid principal balance from October 24, 2007, until paid in full. The interest rate may change under the terms and conditions of the "INTEREST AFTER DEFAULT" section.

**PAYMENT.** Borrower will pay this loan in 180 payments of $10,811.36 each payment. Borrower's first payment is due December 10, 2007, and all subsequent payments are due on the same day of each month after that. Borrower's final payment will be due on November 10, 2022, and will be for all principal and all accrued interest not yet paid. Payments include principal and interest. Unless otherwise agreed or required by applicable law, payments will be applied first to any accrued unpaid interest; then to any unpaid collection costs; and then to any late charges. The annual interest rate for this Note is computed on a 365/360 basis; that is, by applying the ratio of the annual interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding. Borrower will pay Lender at Lender's address shown above or at such other place as Lender may designate in writing.

**PREPAYMENT PENALTY; MINIMUM INTEREST CHARGE.** Borrower agrees that all fees and other prepaid finance charges are earned fully as of the date of the loan and will not be subject to refund upon early payment (whether voluntary or as a result of default), except as otherwise required by law. In any event, even upon full prepayment of this Note, Borrower understands that Lender is entitled to a minimum interest charge of $15.00. Upon prepayment of this Note, Lender is entitled to the following prepayment penalty: Borrower shall have the right to prepay the loan in whole or in part at any time by payment of the remaining principal balance of the loan plus accrued interest and all outstanding amounts, costs, and other fees due and owing to the date of such prepayment, together with a premium equal to: 3% of the outstanding principal balance if the prepayment occurs during the first year of the loan term; 2% of the outstanding principal balance if the prepayment occurs during the second year of the loan term; and 1% of the outstanding principal balance if the prepayment occurs during the third year of the loan term. Other than Borrower's obligation to pay any minimum interest charge and prepayment penalty, Borrower may pay all or a portion of the amount owed earlier than it is due. Early payments will not, unless agreed to by Lender in writing, relieve Borrower of Borrower's obligation to continue to make payments under the payment schedule. Rather, early payments will reduce the principal balance due and may result in Borrower's making fewer payments. Borrower agrees not to send Lender payments marked "paid in full", "without recourse", or similar language. If Borrower sends such a payment, Lender may accept it without losing any of Lender's rights under this Note, and Borrower will remain obligated to pay any further amount owed to Lender. All written communications concerning disputed amounts, including any check or other payment instrument that indicates that the payment constitutes "payment in full" of the amount owed or that is tendered with other conditions or limitations or as full satisfaction of a disputed amount must be mailed or delivered to: GUARANTY BANK & TRUST COMPANY, 210 HAYDEN STREET BELZONI, MS 39038.

**LATE CHARGE.** If a payment is 16 days or more late, Borrower will be charged 4.000% of the regularly scheduled payment or $5.00, whichever is greater.

**INTEREST AFTER DEFAULT.** Upon default, including failure to pay upon final maturity, the interest rate on this Note shall be increased by 5.000 percentage points. However, in no event will the interest rate exceed the maximum interest rate limitations under applicable law.

**DEFAULT.** Each of the following shall constitute an event of default ('Event of Default') under this Note:

**Payment Default.** Borrower fails to make any payment when due under this Note.

**Other Defaults.** Borrower fails to comply with or to perform any other term, obligation, covenant or condition contained in this Note or in any of the related documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Borrower.

**Default in Favor of Third Parties.** Borrower or any Grantor defaults under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor of any other creditor or person that may materially affect any of Borrower's property or Borrower's ability to repay this Note or perform Borrower's obligations under this Note or any of the related documents.

**False Statements.** Any warranty, representation or statement made or furnished to Lender by Borrower or on Borrower's behalf under this Note or the related documents is false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

**Death or Insolvency.** The dissolution of Borrower (regardless of whether election to continue is made), any member withdraws from Borrower, or any other termination of Borrower's existence as a going business or the death of any member, the insolvency of Borrower, the appointment of a receiver for any part of Borrower's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Borrower.

**Creditor or Forfeiture Proceedings.** Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Borrower or by any governmental agency against any collateral securing the loan. This includes a garnishment of any of Borrower's accounts, including deposit accounts, with Lender. However, this Event of Default shall not apply if there is a good faith dispute by Borrower as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Borrower gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Lender, in its sole discretion, as being an adequate reserve or bond for the dispute.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any Guarantor of any of the indebtedness or any Guarantor dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any guaranty of the indebtedness evidenced by this Note. In the event of a death, Lender, at its option, may, but shall not be required to, permit the Guarantor's estate to assume unconditionally the obligations arising under the guaranty in a manner satisfactory to Lender, and, in doing so, cure any Event of Default.

**Adverse Change.** A material adverse change occurs in Borrower's financial condition, or Lender believes the prospect of payment or performance of this Note is impaired.

**Insecurity.** Lender in good faith believes itself insecure.

**Cure Provisions.** If any default, other than a default in payment is curable and if Borrower has not been given a notice of a breach of the same provision of this Note within the preceding twelve (12) months, it may be cured if Borrower, after receiving written notice from Lender demanding cure of such default: (1) cures the default within fifteen (15) days; or (2) if the cure requires more than fifteen (15) days, immediately initiates steps which Lender deems in Lender's sole discretion to be sufficient to cure the default and thereafter continues and completes all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical.

**LENDER'S RIGHTS.** Upon default, Lender may declare the entire unpaid principal balance under this Note and all accrued unpaid interest immediately due, and then Borrower will pay that amount.

**ATTORNEYS' FEES; EXPENSES.** Lender may hire or pay someone else to help collect this Note if Borrower does not pay. Borrower will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees, expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals. If not prohibited by applicable law, Borrower also will pay any court costs, in addition to all other sums provided by law.

**GOVERNING LAW.** This Note will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of Mississippi without regard to its conflicts of law provisions. This Note has been accepted by Lender in the State of Mississippi.

**DISHONORED ITEM FEE.** Borrower will pay a fee to Lender of $20.00 if Borrower makes a payment on Borrower's loan and the check or preauthorized charge with which Borrower pays is later dishonored. At Lender's option, Lender may add up to $15.00 of this fee to the unpaid principal balance.

**RIGHT OF SETOFF.** To the extent permitted by applicable law, Lender reserves a right of setoff in all Borrower's accounts with Lender (whether checking, savings, or some other account). This includes all accounts Borrower holds jointly with someone else and all accounts Borrower may open in the future. However, this does not include any IRA or Keogh accounts, or any trust accounts for which setoff would be prohibited by law. Borrower

EXHIBIT
A

## PROMISSORY NOTE
### (Continued)

Loan No: ~~█████████~~                                                      Page 2

authorizes Lender, to the extent permitted by applicable law, to charge or setoff all sums owing on the indebtedness against any and all such accounts.

**SUCCESSOR INTERESTS.** The terms of this Note shall be binding upon Borrower, and upon Borrower's heirs, personal representatives, successors and assigns, and shall inure to the benefit of Lender and its successors and assigns.

**NOTIFY US OF INACCURATE INFORMATION WE REPORT TO CONSUMER REPORTING AGENCIES.** Please notify us if we report any inaccurate information about your account(s) to a consumer reporting agency. Your written notice describing the specific inaccuracy(ies) should be sent to us at the following address: GUARANTY BANK & TRUST COMPANY 210 HAYDEN STREET BELZONI, MS 39038.

**GENERAL PROVISIONS.** If any part of this Note cannot be enforced, this fact will not affect the rest of the Note. Lender may delay or forgo enforcing any of its rights or remedies under this Note without losing them. Borrower and any other person who signs, guarantees or endorses this Note, to the extent allowed by law, waive presentment, demand for payment, and notice of dishonor. Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability. All such parties agree that Lender may renew or extend (repeatedly and for any length of time) this loan or release any party or guarantor or collateral; or impair, fail to realize upon or perfect Lender's security interest in the collateral; and take any other action deemed necessary by Lender without the consent of or notice to anyone. All such parties also agree that Lender may modify this loan without the consent of or notice to anyone other than the party with whom the modification is made. The obligations under this Note are joint and several.

**PRIOR TO SIGNING THIS NOTE, BORROWER READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE. BORROWER AGREES TO THE TERMS OF THE NOTE.**

**BORROWER ACKNOWLEDGES RECEIPT OF A COMPLETED COPY OF THIS PROMISSORY NOTE.**

BORROWER:

AFFORDABLE HOUSING MISSISSIPPI LLC

By: _____     By: _____
WILLIAM T DAWSON, MANAGING MEMBER of      ROBERT K FARRAH, MANAGING MEMBER of
AFFORDABLE HOUSING MISSISSIPPI LLC        AFFORDABLE HOUSING MISSISSIPPI LLC

LASER PRO Lending, Ver. 5.56.10.004 Copr. Harland Financial Solutions, Inc. 1997, 2007. All Rights Reserved. - MS K:\CFI\PL\D20.FC TR-390234 PR-8