IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE:     AFFORDABLE HOUSING MISSISSIPPI LLC     CHAPTER 11
Debtor     CASE NO. 10-14827-DWH

ORDER APPROVING THIRD APPLICATION FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF NECESSARY EXPENSES
FOR THE LAW OFFICES OF CRAIG M. GENO, PLLC

THIS CAUSE having come on to be heard on the *Third Application for Allowance of Compensation and Reimbursement of Necessary Expenses for the Law Offices of Craig M. Geno, PLLC* [DK #265] (the "Application") filed herein by the Law offices of Craig M. Geno, PLLC ("Applicant"), and the Court having considered the Application and being fully advised in the premises, hereby finds as follows, to-wit:

1. Notice of the Application was adequate and appropriate under the circumstances, and no responses and/or objections were filed thereto.

2. On October 4, 2010, the Debtor filed its Voluntary Petition for reorganization with this Court under Chapter 11 of the Bankruptcy Code.

3. On November 29, 2010, an Order approving the employment of Harris Jernigan & Geno, PLLC, now known as the Law Offices of Craig M. Geno, PLLC as attorneys for the Debtor was entered by the Court.

4. The services rendered to the Debtor by Applicant represent substantial services. The services rendered and expenses incurred benefitted the estate. An Affidavit reflecting the legal services rendered and expenses incurred by said attorneys was attached to the Application as Exhibit "A" and is incorporated herein by reference. The Affidavit also certified and represented to the Court that the services rendered to the Debtor were reasonable and necessary

and that said services had actually been rendered. A detailed itemization of the services rendered, and expenses incurred, was attached to the Application as Exhibit "B", and is incorporated herein by reference.

5. The fees and expenses charged and incurred represent reasonable and necessary fees and expenses that were required to be extended by counsel to the Debtor in all matters which are anticipated to arise in the functioning of litigation matters, case administration and to protect and preserve all rights of the Debtor and the interests of creditors in furtherance of the counsel's obligations herein; they enhanced the value of all property of the estate; and they represent normal and customary fees and expenses incurred and charged for representation of debtors in similar cases. The time, skill and experience utilized by counsel for the Debtor justify the approval of the Application, and justify a general surcharge for the fees and expenses, subject only to all properly perfected secured claims, and the Court's prior Order as to priorities for fees and secured creditor claims.

6. This is the Applicant's third request for allowance of compensation for professional services rendered in this proceeding by its counsel. This request covers the period from November 6, 2012, to and including July 12, 2013, and is for the sum of $14,325.38, which represents $13,976.00 in fees and $349.38 in expenses.

7. The second request covered the period from May 4, 2011, to and including November 6, 2012, and was for the sum of $28,866.60, which represented $28,301.25 in fees and $565.35 in expenses. An Order approving the full amount of the first request was entered by the Court on December 10, 2012.

8. The first request covered the period from October 4, 2010, to and including April 12, 2011, and was for the sum of $38,858.76 ($37,818.45 in fees and $1,040.31 in expenses), less

pre-petition time and expenses. An Order approving the full amount of the first request was entered by the Court on May 16, 2011.

9. Applicant is entitled to interim compensation for professional services rendered to the Debtor and reimbursement of expenses it has incurred on behalf of the Debtor pursuant to the provisions of 11 U.S.C. Section 330. Therefore, the Application should be approved and granted.

IT IS ACCORDINGLY, ORDERED, ADJUDGED AND DECREED:

a. Applicant is hereby allowed interim compensation and reimbursement of expenses in the sum of $14,325.38, which represents $13,976.00 in fees and $349.38 in expenses.

b. The sum approved and allowed by this Court as interim compensation and reimbursement of expenses is a priority administrative expense as set forth in 11 U.S.C. §§ 503(b)(2) and 507(a)(2), and the Debtor is authorized and directed to pay the same to its counsel.

SO ORDERED this, the _____ day of _____, 2013.

_____
JASON D. WOODARD
UNITED STATES BANKRUPTCY JUDGE

SUBMITTED BY:

Craig M. Geno; MSB No. 4793
LAW OFFICES OF CRAIG M. GENO, PLLC
587 Highland Colony Parkway (39157)
P. O. Box 3380
Ridgeland, MS 39158-3380
601-427-0048 - Telephone
601-427-0050 - Facsimile

F:\Users\Bankrupt\Affordable Cos\Affordable Housing MS\Fee Apps\3rd\Order.wpd